**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Leonard Warren BOYETT and Jim Eldridge May, Sr., Defendants-Appellants.**

**No. 73–2406**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 5, 1973.

Rehearing and Rehearing En Banc Denied Nov. 6, 1973.

Henry R. Barksdale, Pensacola, Fla., for defendants-appellants.

William Stafford, U. S. Atty., Robert L. Crongeyer, Jr., Asst. U. S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of conviction for the knowing possession of goods stolen while in interstate shipment in violation of 18 U.S.C. § 659 (1970). The first error specified is the denial of the motion of appellants for a judgment of acquittal because of an insufficiency of evidence and the lack of sufficient evidence to sustain the jury's finding of guilt. There is no merit in this contention. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). The second contention is that since appellants offered an explanation of their possession of recently stolen property, the trial court erred in giving the instruction sanctioned in United States v. Barnes, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973). Since the Supreme Court also stated in *Barnes* that a defendant's explanation of possession would not automatically bar the giving of that instruction, *id.* at 845, 93 S.Ct. at 2362, 37 L. Ed.2d at 387 n. 9, appellants' second contention is unavailing. The third specification of error is spawned by the fact

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

580

that the trial court required appellants to recall and requestion a government witness before proceeding to impeach him. Since the attempted impeachment was not curtailed, we hold that if error was committed, it was harmless.

The judgment of the district court is affirmed.